[Cite as *State v. Clark*, 2026-Ohio-1286.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115520 |
| TODD CLARK, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 9, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696111-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee.*

Edward M. Heindel, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Todd Clark ("Clark") appeals his sentence for sexual battery against J.C. ("Victim"). After a thorough review of the facts and the law, we affirm.

## I. Procedural History

{¶ 2} On October 21, 2024, Clark was charged with Count 1, rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b); Count 2, rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b); Count 3, gross sexual imposition ("GSI"), a third-degree felony, in violation of R.C. 2907.05(A)(4); Count 4, GSI, a third-degree felony, in violation of R.C. 2907.05(A)(4); and Count 5, GSI, a fourth-degree felony, in violation of R.C. 2907.05(A)(1).

{¶ 3} On May 9, 2025, the court was informed of a plea agreement. Clark would plead guilty to amended Count 1, sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(1) and to Counts 3 and 4 as charged. The State would nolle Counts 2 and 5. That same day, the court held a plea hearing, at which it advised Clark of constitutional rights he was waiving by entering a guilty plea, along with nonconstitutional rights impacted by his plea, which Clark indicated that he understood. The court accepted Clark's pleas of guilt. The court granted Clark's request to withhold sentencing until after a presentence investigation had been completed.

{¶ 4} On June 10, 2025, the court held a sentencing hearing. The court stated that it had received and reviewed a presentence-investigation report ("PSI") concerning Clark. The court also heard from the State and counsel for Clark, who asked the court to impose a community-control sanction. Victim's grandmother ("Grandmother") also addressed the court, explaining the impact that Clark's actions had on Victim.

{¶ 5} The court recited the offenses to which Clark had previously pled guilty before asserting, "There is a presumption in favor of prison associated with each of the counts." The court provided its rationale for its determination of Clark's sentence, addressing sentencing factors in R.C. 2929.11 and 2929.12. The court sentenced Clark to a three-year term of imprisonment on each of Counts 1, 3, and 4, to run consecutively for an aggregate prison term of nine years.

{¶ 6} Clark appeals, raising the following assignment of error:

> The trial court committed reversible error by sentencing Mr. Clark under an incorrect presumption of imprisonment. Specifically, R.C. 2907.03(A)(1) — sexual battery — does not carry a statutory presumption in favor of a prison term. By applying such a presumption, the court failed to adhere to the governing sentencing framework. Mr. Clark is therefore entitled to resentencing under the correct legal standard, free from any improper presumption of incarceration.

## II. Law and Analysis

{¶ 7} As an initial matter, we note that Clark, who was represented by counsel, raised no objection at the sentencing hearing regarding the court's assertion that incarceration was presumed upon conviction for sexual battery. Consequently, we review for plain error. *See State v. Rogers*, 2015-Ohio-2459, ¶ 22, quoting Crim.R. 52(B) ("Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court."). To prevail under a plain-error analysis, the appellant bears the burden of demonstrating, but for the error, the outcome of the trial court proceeding would

have been different.  *Id.* at ¶ 22-23.  Even then, an appellate court corrects plain error only to prevent a manifest miscarriage of justice.  *Id.* at ¶ 23.

{¶ 8}  R.C. 2953.08(G)(2) addresses appellate review of sentencing, providing that the court of appeals "shall review the record, including the findings underlying the sentence . . . given by the trial court."  This court may "increase, reduce, or otherwise modify a sentence . . . [or] vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law.  R.C. 2953.08(G)(2)(b).

{¶ 9}  R.C. 2929.11 and 2929.12 establish criteria that a court must consider in sentencing a felony offender.  Pertinent to this appeal, R.C. 2929.12 requires that, in determining the "most effective way to comply with the purposes and principles of sentencing," the court "shall consider additional factors" that relate to the seriousness of an offender's conduct and the likelihood of recidivism.  R.C. 2929.12(B) and (C), respectively, establish factors that indicate an offender's conduct is "more serious" or "less serious" than conduct normally constituting the offense.  Relevant here, a court shall consider whether the injury suffered by the victim was exacerbated because of the victim's age, whether the offense resulted in serious psychological harm to the victim, and whether the offender's relationship with the victim facilitated the offense.  R.C. 2929.12(B)(1), (2), (7).  R.C. 2929.12(D) and (E), respectively, establish factors that indicate an offender is "likely" or "not

likely" to commit future crimes. Notable in this case, a court may consider whether "the offender has a history of criminal convictions." R.C. 2929.12(D)(2).

{¶ 10} Upon review of the record, we note that the trial court inaccurately stated that there was "a presumption in favor of prison associated with each of the counts" to which Clark pled guilty. While R.C. 2907.05, concerning GSI, establishes that "there is a presumption that a prison term shall be imposed for the offense," R.C. 2907.03 imposes no similar presumption of incarceration regarding sexual battery. The State does not argue otherwise.

{¶ 11} However, we do not find that the court's misstatement of R.C. 2907.03 impacted the outcome of the proceeding or constituted a manifest miscarriage of justice. The only nonprison sanction that Clark's attorney requested at the sentencing hearing was a community-control sanction. The record demonstrates that the trial court rejected community-control sanctions as a sentencing option. The court specifically found that "a community control sanction would not adequately protect the public and would demean the seriousness of the offenses in this case." The court explained that it based this conclusion on consideration of the sentencing principles in R.C. 2929.11 and its "review[] of the seriousness and recidivism factors" set forth in R.C. 2929.12.

{¶ 12} The court's discussion of the seriousness and recidivism factors particularly demonstrates that, in sentencing Clark to incarceration, the court was not merely adhering to a nonexistent statutory presumption. Concerning the aggravating factors in R.C. 2929.12(B), the court noted that the "offender's

relationship with the victim facilitated the offense." The court also found that "the victim suffered serious psychological harm" and that the "injury [was] exacerbated by the victim's age in this particular case, a seven to twelve year old . . . girl," at the time of these offenses. Regarding the recidivism factors in R.C. 2929.12(D), the court found that Clark "has a substantial history of criminal convictions dating all of the way back to 1984."

{¶ 13} The record supports the court's R.C. 2929.12 findings. The PSI summarizes interviews with Victim and Grandmother, indicating that Victim was less than 12 years old at the time of these offenses and that Clark was Victim's grandfather. At the sentencing hearing, Grandmother informed the court that the young Victim "has suffered mentally and been in counseling." Our review of Clark's PSI confirms that Clark had been convicted of numerous crimes over a two-decade span. Clark's prior offenses include felonious assault and aggravated burglary, both of which are defined as offenses of violence under R.C. 2901.01. Based on the court's consideration of R.C. 2929.11, findings under R.C. 2929.12, and the record support thereof, we do not find that the court sentenced Clark to imprisonment as a result of its misstatement that a presumption of incarceration applied to sexual battery.

{¶ 14} Also noteworthy to Clark's assignment of error is the length of the prison term that the court imposed upon him. Under R.C. 2929.14(A)(3)(a), for certain third-degree felonies, including sexual battery, a court may impose a prison term that "shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." The sentence that the court

imposed on Clark is the middle duration of these potential definite sentences. Without more, Clark's medium-length sentence gives us no reason to believe that the court would have ordered a nonprison sanction if not for its misstatement that sexual battery carried a presumption of incarceration.

{¶ 15} Given the foregoing, we do not find that the court's misstatement that all of Clark's offenses carried a presumption of incarceration affected the outcome of the sentencing hearing or created a manifest miscarriage of justice. We also do not clearly and convincingly find that Clark's sentence was unsupported by the record or otherwise contrary to law. Accordingly, Clark's assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
EILEEN A. GALLAGHER, J., CONCUR